CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED for Chvill
JUL 24 2013
JULIA C. DUDLEY, CLERK
BY: /s/ Moody
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| KENNETH BOYD SHANKLE | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:12-cv-00056 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DEPUTY WILLIAM C. UBBEN, *et al.*, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendants. | ) | |
| | ) | |

The plaintiff, Kenneth Shankle, is suing multiple defendants under 42 U.S.C. § 1983 for alleged violations of the First, Fourth, Fifth, Sixth, Ninth, and Fourteenth Amendments to the United States Constitution. The four defendants are Rappahannock County Sheriff's Deputy William C. Ubben, Rappahannock County Commonwealth's Attorney Arthur Goff, Rappahannock County General District Court Judge J. Gregory Ashwell, and Rappahannock County itself. The defendants each filed motions to dismiss pursuant to 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The plaintiff also filed a motion for emergency injunctive relief requesting that the court enjoin the Commonwealth of Virginia from pursuing all pending and future court action against the plaintiff. For the reasons that follow, the defendants' motions to dismiss will be granted, and the plaintiff's motion for injunctive relief will be denied.

## Background

The suit stems from the prosecution of the plaintiff in Rappahannock General District Court for driving on a suspended license, in violation of Virginia Code § 46.2-301, and speeding, in violation of Virginia Code § 46.2-870. On June 29, 2012, Deputy Ubben pulled Shankle over for speeding. Upon being asked for his license and registration, Shankle stated that he did not have a license. Deputy Ubben then charged the plaintiff with driving with a suspended license and with speeding.

On August 21, 2012, Shankle appeared before Judge Ashwell in the Rappahannock County General District Court to be arraigned on the charges. Because a potential jail term accompanied a conviction, Judge Ashwell advised Shankle that he had the right to have an attorney appointed to represent him, or that he could waive such right. Shankle stated that he "waive[d] no rights," and, proceeding pro se, challenged Judge Ashwell's and the Court's jurisdiction. (Docket No. 1-14, p. 10:16.) Judge Ashwell ruled that he had jurisdiction, appointed standby counsel for Shankle's discretionary use, and continued the case until October 16. Shankle failed to appear on October 16, and Judge Ashwell issued a show cause order. A trial on the underlying charges was set for November 13.

On October 16, 2012, Shankle filed the instant civil rights lawsuit in federal court, seeking $9,362,000.00 in monetary relief against the defendants as well as an "administrative review" of Judge Ashwell's judicial conduct.

At the November 13 hearing, Judge Ashwell again appointed standby counsel to appear beside Shankle. Shankle asked that the attorney be removed from counsel's table, and she was. Shankle then again challenged the Court's jurisdiction to preside over the case and repeatedly demanded that Judge Ashwell and Commonwealth's Attorney Goff recuse themselves, on account of their being parties to the instant lawsuit. Judge Ashwell overruled Shankle's objections and found him guilty of the two offenses.[1]

Shankle's complaint casts a wide net. Included are allegations that Deputy Ubben deprived him of his common law right to travel; that Mr. Goff deprived him of his right to life, liberty, and due process of law by pursuing a charge knowing that there was no probable cause; that Judge Ashwell deprived him of the right to speak freely on his own behalf and to choose or

---

[1] Following his convictions, Shankle exercised his right to appeal Judge Ashwell's ruling to the Circuit Court for the County of Rappahannock. On March 13, 2013, the defendant was convicted by a jury of speeding and driving with a suspended license in the Circuit Court in front of a different judge. The defendant was sentenced to pay $1,100 in fines and serve twenty days in jail.

2

decline counsel; and that the County is liable for maintaining a pattern or practice of depriving liberty and property, for a failure to train and supervise its employees, and for all of the previously listed violations under a theory of respondeat superior. The opening statement of the complaint also includes nonspecific allegations of "conspiracy," "fraud," "extortion," and "criminal treason." The complaint itself includes little to no factual allegations, but the plaintiff submitted a number of affidavits that outline the circumstances of the arrest and his original hearing on August 21.

## Discussion

### I. Motions to Dismiss

#### A. Standard of Review

In reviewing a motion to dismiss under Rule 12(b)(6), the court must "accept as true all well-pleaded allegations" and construe those allegations in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint need not assert detailed factual allegations, but must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Furthermore, even assuming the factual allegations in the complaint are true, they "must be enough to raise a right to relief above the speculative level." Id.

#### B. Analysis

##### i. Commonwealth's Attorney Goff and Deputy Ubben

Defendants Goff and Ubben are represented by the same counsel and filed a joint motion to dismiss. Goff's first argument is that he is entitled to absolute immunity for actions relating to his job as a prosecutor. The plaintiff alleges that Goff "deprived [him] of his rights to life, liberty, and due process of law, by allowing a charge against the Plaintiff knowing that there was

3

no established probable cause against him." To the extent this states a claim, Goff is correct that he is absolutely immune from damages claims brought under 42 U.S.C. § 1983. See Imbler v. Pachtman, 424 U.S. 422-23 (1976).

The purpose of prosecutorial immunity is to protect against the "concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." Id. at 423. In Imbler, the Court held that immunity may not apply when a prosecutor is not acting as "an officer of the court," but is instead performing investigative or administrative duties. Id.. In this case, the plaintiff's allegations regarding Goff clearly relate to his role as a prosecutor. The heart of the plaintiff's claims is that the Commonwealth and its officers lack the power to pursue a court action against him. This speaks to the very nature of the prosecutor's role and is clearly the type of conduct covered by the doctrine. Additionally, the plaintiff has not alleged actions that fall within any of the limited exceptions to the doctrine that have been recognized by the Supreme Court. See Kalina v. Fletcher, 522 U.S. 118, 127 (1997) (Scalia, J., concurring) (finding immunity does not apply when a prosecutor acts as a complaining witness in support of a warrant application); Buckley v. Fitzsimmons, 509 U.S. 259, 277 (1993) (no immunity when the prosecutor makes statements to the press); Burns v. Reed, 500 U.S. 478, 492 (1991) (no immunity when a prosecutor gives advice to police during a criminal investigation). The court therefore believes that Goff is entitled to prosecutorial immunity, and will grant his motion to dismiss on that ground.

For many of the same reasons, Deputy Ubben argues that he is also immune from suit. Although police officers do not enjoy absolute prosecutorial immunity, they are protected by the doctrine of qualified immunity. This precludes suits against police officers except where the

4

officer has violated an individual's constitutional right, and that right was clearly established at the time of the violation. Saucier v. Katz, 533 U.S. 194, 200 (2001). The court cannot conclude that Ubben violated Shankle's rights when he arrested him for breaking the law. Driving without a license is against the law in Virginia, and enforcement of the law does not violate an individual's right. Furthermore, there is nothing in Shankle's complaint to suggest that the manner in which Ubben conducted the traffic stop and arrest violated Shankle's constitutional rights. For these reasons, the court finds that the doctrine of qualified immunity applies to Ubben in this case, and will dismiss Shankle's claims against Ubben on this ground.

Goff and Ubben also argue that the allegations in the plaintiff's complaint fail to state a cognizable claim upon which the court may grant relief. The plaintiff alleges that Goff "deprived Plaintiff of his right to life, liberty, and due process of law, by allowing a charge against the Plaintiff knowing that there was no established probable cause against him." (Docket No. 1 at ¶ 9.) As to Ubben, the plaintiff alleges that he was deprived of his "common right to Travel and his right to free locomotion without probable cause . . . ." (Id. at ¶ 7.) The plaintiff offers no factual support whatsoever for these allegations, and, in fact, concedes many of the facts giving rise to the arrest and prosecution. For example, he acknowledges that he was driving without a license. Speeding and driving with a suspended license are against the law in Virginia, and the arrest and prosecution for such acts do not amount to a deprivation of an individual's rights. In his complaint, the plaintiff merely states the legal conclusion that the defendants violated his constitutional rights. This is wholly insufficient to survive a motion to dismiss. Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011) ("[S]tatements of bare legal conclusions are not entitled to the assumption of truth and are insufficient to state a claim.") (citations and

internal quotation marks omitted). Accordingly, the plaintiff's complaint fails to state a claim against Goff and Ubben and will be dismissed.[2]

### ii. Defendant Judge Gregory Ashwell

Judge Ashwell argues that he is also entitled to absolute immunity as a judge. It is well-settled that judges are absolutely immune from liability for damages arising out of their judicial actions. Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985) (citing Bradley v. Fisher, 80 U.S. 335 (1872)). The doctrine broadly protects judges. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). Judicial immunity can be defeated only when the plaintiff alleges facts plausibly demonstrating that the judge's actions (1) were outside of his judicial capacity or (2) were taken in the complete absence of all jurisdiction. Mireles v. Waco, 502 U.S. 9, 11-12 (1991).

In this case, the complained of behavior cannot be said to encompass decisions made outside Judge Ashwell's judicial capacity. Indeed, all of the allegations in the complaint concern decisions made by Judge Ashwell while presiding over the plaintiff's state court case. Additionally, although the plaintiff claims that Judge Ashwell had no jurisdiction to oversee the case, this is clearly incorrect. By statute, Virginia general district courts have subject matter jurisdiction to hear and adjudicate criminal and traffic offenses arising within the county in which the court is located. Virginia Code § 16.1-123.1(1)(b). Judge Ashwell is a member of the Rappahannock General District Court, and was presiding over matters related to Mr. Shankle's conduct within the county of Rappahannock. In the absence of any facts to the contrary, it is perfectly clear that judicial immunity must apply in this case.

---

[2] The court notes that, although the plaintiff's case clearly focuses on the state's power to arrest and prosecute him generally, to the extent that the plaintiff's claim is for an illegal Terry stop in violation of the Fourth Amendment, he alleges no facts supporting this. For example, he does not allege that he was not speeding when he was pulled over. Indeed, the plaintiff was convicted of the speeding offense for which he was stopped.

Irrespective of the immunity issue, the plaintiff's allegations also fail to state a cognizable claim. The plaintiff alleges that Judge Ashwell "deprived Plaintiff of his right to freely speak on his own behalf, to have due process of law and equal protection under the law, and the right to freely choose or not choose counsel for his own defense." (Docket No. 1, at 3.) Mere legal conclusions such as these do not suffice to support a claim. To the extent the allegations can be read as a reference to Judge Ashwell's decision to appoint stand-by counsel at the August 21 and November 13 hearings, the complaint still fails to state a valid claim. The transcripts of both hearings show that the plaintiff was merely offered the use of counsel's services if he wished. The plaintiff declined on both instances, and counsel was removed from the front of court. Pro se defendants do not have an absolute right to negate standby counsel, see McKaskle v. Wiggins, 465 U.S. 168, 176-77 (1984), and, in any event, neither of the plaintiff's appointed attorneys actually participated in his defense. Accordingly, Judge Ashwell's motion to dismiss will be granted.

### iii. Defendant Rappahannock County

The plaintiff claims that Rappahannock County "failed and/or neglected to properly train and supervise its employees, and especially its Deputies, Judges, and other Officers, with respect to individual rights as protected by the Constitution . . . ." Additionally, he alleges that the County is liable for the other defendants' alleged violations under a respondeat superior theory of liability.

The plaintiff's claims against the County are without merit. First, municipalities cannot be found liable under a theory of respondeat superior. Pembaur v. City of Cincinnati, 475 U.S. 469, 478 (1986) ("We [have] recognized a limitation on this liability and concluded that a municipality cannot be made liable by application of the doctrine of respondeat superior.") (citing Monell v. New York City Dept. of Social Services, 436 U.S. 658, 691 (1978)).

7

"Municipal liability is limited to deprivations of federally protected rights caused by action taken 'pursuant to official municipal policy of some nature . . . .'" Id. at 471 (citation omitted). To the extent the plaintiff alleges that the County had a policy to engage in the conduct at issue here, it is of no consequence since none of the conduct violates the law in any way. As described above, the plaintiff has not explained how the individual defendants did anything other than undertake to fulfill their rightful duties to enforce and prosecute Virginia law.

Likewise, with respect to the plaintiff's failure to train and negligent supervision claims, the County cannot be liable for the behavior of County employees when their actions were not themselves wrongful. Absent a valid claim of constitutional harm on behalf of its employees, the County cannot be held liable as a result of their conduct. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 724 (4th Cir. 1991) ("A claim of inadequate training under § 1983 cannot be made out against a supervisory authority absent a finding of a constitutional violation on the part of the person being supervised."). For these reasons, the plaintiff's complaint against Rappahannock County will be dismissed.[3]

---

[3] Each of the defendants also raised abstention arguments. Specifically, the defendants argue that Younger abstention and the Rooker-Feldman doctrine bar the plaintiff's claims. See Younger v. Harris, 401 U.S. 37, 41 (1971); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923). Given the court's rulings on the immunity and failure to state a claim issues, it is unnecessary to address the defendants' additional arguments in great detail. However, the court notes that application of the Younger abstention doctrine would depend on the current status of the plaintiff's state criminal case. Because Younger abstention prevents federal courts from "exercising jurisdiction and interfering in a state criminal proceeding if . . . there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding," Nivens v. Gilchrist, 444 F.3d 237, 241 (4th Cir. 2006) (emphasis added), application of the doctrine hinges on whether the plaintiff has appealed his state conviction in the Virginia appellate courts. If not, the Circuit Court's judgment would now be final, and would constitute the end of the plaintiff's state court proceedings. Thus, Younger abstention would not apply. Given that the court is unsure of the status of the state criminal proceedings, it cannot be certain that Younger abstention is appropriate.

Likewise, the court is not firmly convinced that Rooker-Feldman abstention is appropriate, given that the plaintiff's civil suit was filed in federal court on October 16, 2012, several weeks before his conviction in the Rappahannock General District Court on November 13, 2012. The Rooker-Feldman doctrine operates in "cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291-92 (2005) (emphasis added). Therefore, to the extent that the plaintiff challenges the rulings and actions taken on November 13, 2012, after the plaintiff's suit was filed, the doctrine would not apply.

## II. Motion for Emergency Injunctive Relief

The plaintiff filed a motion for emergency injunctive relief on July 3, 2013. The plaintiff is asking the court to enjoin the Commonwealth of Virginia and the Virginia Judicial System from pursuing all pending and future action against him. The motion was filed shortly after yet another conviction of the plaintiff in Virginia state court for driving on a suspended license and speeding. Although the Commonwealth of Virginia is not a named defendant in the underlying case before the court, the plaintiff's allegations in the motion for injunctive relief track his allegations made in his complaint. That is, they consist of nonspecific, general accusations that the plaintiff's constitutional rights have been violated. Because the plaintiff's underlying suit will be dismissed, his motion for injunctive relief must also be denied. See Pashby v. Delia, 709 F.3d 307, 320 (4th Cir. 2013) ("[Parties] seeking preliminary injunctions [must] demonstrate that (1) they are likely to succeed on the merits . . . .") (citing Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7 (2008)).

## Conclusion

The court is convinced that the individual defendants are entitled to immunity, and that the plaintiff's complaint fails to allege facts in support of a cognizable claim against any of the defendants. For all of the foregoing reasons, the defendants' motions to dismiss will be granted, and the plaintiff's motion for emergency injunctive relief will be denied.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

**ENTER:** This 24th day of July, 2013.

_____
Chief United States District Judge