CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 04 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| KENNETH BOYD SHANKLE, | )<br>) Civil Action No. 3:12CV00056 |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) By: Hon. Glen E. Conrad |
| DEPUTY WILLIAM C. UBBEN, et al., | ) Chief United States District Judge |
| Defendants. | ) |

This case is presently before the court on the plaintiff's motion for reconsideration of the order entered by this court on July 24, 2013 dismissing his complaint. For the reasons that follow, the plaintiff's motion will be denied.

The Federal Rules of Civil Procedure do not expressly provide for a post-judgment "motion to reconsider." Rather, a motion for reconsideration is treated as either a motion to alter or amend a judgment under Rule 59(e) or a motion for relief from judgment under Rule 60(b). See, e.g., Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 470 n.4 (4th Cir. 2011). A motion under Rule 59(e) must be filed no later than twenty-eight (28) days after the entry of the judgment. Fed. R. Civ. P. 59(e). When a Rule 59(e) motion would be time barred, the court will evaluate a motion for reconsideration under Rule 60(b). See, e.g., Kimble v. Withers, No. 5:12CV00110, 2013 WL 2302313, at *1 (W.D. Va. May 24, 2013).

Rule 60(b) provides an "extraordinary" remedy and is "only to be invoked upon a showing of exceptional circumstances." Compton v. Alton S.S. Co., 608 F.2d 96, 102 (4th Cir. 1979). In addition to showing exceptional circumstances, the plaintiff must show at least one of the following grounds for relief: (1) mistake, inadvertence, surprise, or excusable neglect; (2)

newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b); see also Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984). If the motion is nothing more than a request for the court to change its mind, it must be denied. United States v. Williams, 674 F.2d 310, 313 (4th Cir. 1982).

Here, the plaintiff does not specify whether he brings this motion under Rule 59(e) or Rule 60(b). Because the plaintiff filed his motion on August 26, 2013, more than twenty-eight (28) days after the order was entered, a Rule 59(e) motion is time barred. Therefore, this court will review the plaintiff's motion under Rule 60(b).

In his motion, the plaintiff asks this court to reconsider its decision to dismiss his complaint. This court dismissed the plaintiff's complaint because the individual defendants are entitled to immunity, and because the plaintiff failed to allege facts in support of a cognizable claim against any of the defendants. Mem. Op. 9, Jul. 24, 2013, ECF No. 35. In support of his motion for reconsideration, the plaintiff appears to offer two primary arguments. First, the plaintiff argues that the defendants infringed upon his constitutional right to travel in an automobile when they prosecuted him for driving with a suspended license and speeding. The plaintiff advanced this argument in his original complaint, and the court resolved the issue in favor of the defendants. See Mem. Op. 5, Jul. 24, 2013, ECF No. 35 ("Driving without a license is against the law in Virginia, and enforcement of the law does not violate an individual's right.").

Second, the plaintiff challenges Judge Ashwell's subject matter jurisdiction over the underlying state court case. He argues that Judge Ashwell did not have authority to hear the case, and he asserts that Judge Ashwell ignored his challenge of jurisdiction. The plaintiff

already raised this issue in his original complaint, and the court found in favor of the defendants. See Mem. Op. 6, Jul. 24, 2013, ECF No. 35 ("[A]lthough the plaintiff claims that Judge Ashwell had no jurisdiction to oversee the case, this is clearly incorrect."). In addition to these two arguments, the plaintiff's motion contains several conclusory references to fraud. See, e.g., Pl.'s Mot. Recons. 15, Aug. 26, 2013, ECF No. 37 ("Out of fraud no action arises; fraud never gives a right of action. No court will lend its aid to a man who founds his cause of action upon an immoral or illegal act.") (citing Black's Law Dictionary 509 (5th ed. 1979)).

The plaintiff fails to make the required showing for relief under Rule 60(b). He makes no showing of exceptional circumstances, nor does he show that any of the Rule 60(b) grounds for relief—including fraud under Rule 60(b)(3)—are satisfied. The plaintiff simply asks this court to change its mind. Accordingly, the extraordinary remedy afforded by Rule 60(b) cannot be properly granted, and the plaintiff's motion must be denied.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and all counsel of record.

ENTER: This 4th day of September, 2013.

Chief United States District Judge